This is an appeal from a decision of the Board of Tax Appeals holding that certain property of appellant, hereinafter referred to as the taxpayer, should be assessed at 70 per cent of its value instead of at 50 per cent as claimed by the taxpayer.
The cause was presented to the board on a stipulation reading in part as follows:
“1. * * * [the taxpayer is] engaged in the operation of greenhouses * * # where it produces chrysanthemum plants for sale. # * *
*212 U # # #
“3. The equipment used by [the taxpayer] and as to which it claims a 50 per cent valuation are benches which hold the perlite * * *; raised ground beds which also hold the perlite * * *; supplies such as indobutyric acid, talc, fertilizers, insecticides, fungicides, perlite; water hoses and sprinklers * * *; electric lamps; steam pipes * * * and coal and natural gas boilers which supply them; and tools such as a tractor, cultivators, roto-tillers, conveyors, shovels and wheelbarrows.”
It is the taxpayer’s contention that it is entitled to a 50-per-cent instead of a 70-per-cent assessment because the property involved represents “engines, machinery, tools, and implements” either “of a manufacturer” or “used in agriculture” within the meaning of those words as used in Section 5711.22, Revised Code.
The Board of Tax Appeals determined that the taxpayer was not entitled to a 50-per-cent assessment on any of the property for which it claimed such assessment because that property was neither that “of a manufacturer” nor “used in agriculture” within the meaning of Section 5711.22, Revised Code.
It appearing that the judges of the court are equally divided in opinion as to the merits of this case (one judge not participating) and are for that reason unable to agree on a judgment, the entry of that fact constitutes an affirmance of the decision of the Board of Tax Appeals. Section 2, Article IV, Ohio Constitution.

Decision affirmed.